UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-198 (KMM/DLM)

UNITED STATES OF AMERICA,

        Plaintiff,                 **PLEA AGREEMENT AND**
                                           **SENTENCING STIPULATIONS**

v.

JEREMY FRANCIS PLONSKI,

        Defendant.

The United States of America and the defendant, Jeremy Francis Plonski, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereafter, "the government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charges**. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and to Count 4 of the Indictment, which charges the defendant with Distribution of Child Pornography, in violation of Sections 2252A(a)(2) and 2252A(b)(1). The defendant fully understands the nature and elements of the crimes with which he has been charged.

Upon imposition of sentence, if there are remaining counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.

1

This agreement covers only the facts known to the government at the time of this agreement's execution. The parties agree that nothing in this agreement limits, waives, precludes, or otherwise narrows the government's ability or rights to prosecute the defendant for criminal offenses that impact, affect, or concern any victim or victims other than, as defined below, Minor Victim 1.

2.  **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Counts 1 and 4 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

The defendant admits that from about April 2023 through October 2023, he produced 23 child pornographic videos and that he distributed those videos through a social media application called Telegram. The defendant produced those videos by repeatedly and personally sexually abusing a toddler—Minor Victim 1. In some of those videos, the defendant, who worked as a Minnesota State Trooper, wore his uniform and sidearm while committing the filmed abuse of Minor Victim 1.

*Count 1.* The defendant admits that in April 2023, he used Minor Victim 1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, namely a recorded video that is approximately 2 minutes and 13 seconds in duration and that depicts the defendant sexually abusing Minor Victim 1. The defendant produced that video using a cell phone that had been transported across state lines.

*Count 4.* The defendant admits that in April 2023, he knowingly distributed a visual depiction of a minor engaging in sexually explicit conduct, namely a recorded video that is approximately 3 minutes and 25 seconds in length that depicts the defendant sexually abusing Minor Victim 1. The defendant distributed that video via cell phone and the Telegram app, meaning that the video was transported in interstate commerce.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pretrial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pretrial motions in this case.

4. **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and one has been appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and

voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Statutory Penalties**. The defendant understands that Count 1 of the Indictment, charging Production of Child Pornography in violation of 18 U.S.C. § 2251(a), is a felony offense that carries the following statutory penalties:

   a. a mandatory minimum sentence of 15 years in prison;

   b. a maximum sentence of 30 years in prison;

   c. a supervised release term of at least 5 years, up to a maximum supervised release term of life;

   d. a maximum fine of $250,000;

   e. payment of mandatory restitution in an amount to be determined by the Court;

    f.    a mandatory special assessment of $100 per count under 18 U.S.C. § 3013(a)(2)(A);

    g.    a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

    h.    an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $50,000, depending on the defendant's ability to pay.

The defendant understands that Count 4 of the Indictment, charging Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and § 2252A(b)(1) is a felony offense that carries the following statutory penalties:

    a.    a mandatory minimum sentence of 5 years in prison;

    b.    a maximum of 20 years in prison;

    c.    a supervised release term of at least five years, up to a maximum supervised release term of life;

    d.    a maximum fine of $250,000;

    e.    payment of mandatory restitution in an amount to be determined by the Court;

    f.    a mandatory special assessment of $100 per count under 18 U.S.C. § 3013(a)(2)(A);

    g.    a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

    h.    an assessment, pursuant to 18 U.S.C. § 2259A(a)(2) of not more than $35,000, depending on the defendant's ability to pay.

7.    **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all

relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level for Count 1 is 32. U.S.S.G. § 2G2.1(a).

           The parties agree that the base offense level for Count 4 is 22. U.S.S.G. § 2G2.2(A)(2)

    b.    <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments to the offense level apply for Count 1: an increase of 4 levels because the offense involved a minor younger than twelve years old, U.S.S.G. § 2G2.1(b)(1); an increase of 2 levels because the offense involved the commission of a sexual act or contact, U.S.S.G. § 2G2.1(b)(2)(A); an increase of 2 levels for the knowing engagement in distribution, U.S.S.G. § 2G2.1(b)(3); an increase of 4 levels because the offending pornography portrays an infant or toddler, U.S.S.G. § 2G2.1(b)(4)(B); an increase of 2 levels because the offense conduct meets the requirements of U.S.S.G. § 2G2.1(b)(5).

           The parties agree that the following upward adjustments to the offense level apply for Count 4: an increase of 2 levels because the victim was a minor younger than twelve years, U.S.S.G. § 2G2.2(b)(2); an increase of 2 levels for the knowing engagement in distribution, U.S.S.G. § 2G2.2(b)(3)(F); an increase of 4 levels because the offense involved the exploitation of an infant or toddler, U.S.S.G. § 2G2.2(b)(4); an increase of 5 levels because the defendant engaged in a pattern of activity involving the abuse of a minor, U.S.S.G. § 2G2.2(b)(5); an increase of 2 levels because the defendant used a computer or computer service for the possession and distribution of the offending pornography, U.S.S.G. § 2G2.2(b)(6); an increase of 5 levels because the offense involved the distribution of more than six hundred images, as defined in the guidelines, U.S.S.G. § 2G2.2(b)(7)(D).

    c.    <u>Chapter 3 Adjustments.</u> The parties agree that, for each of Count 1 and Count 4, the facts and circumstances of this case support no Chapter 3 adjustments other than those for the acceptance of responsibility.

6

d. Grouping. The parties agree that Counts 1 and 4 are grouped under U.S.S.G. § 3D1.2(c) because one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another count. Specifically, the guideline for producing child pornography includes a specific offense characteristic for distributing child pornography (i.e., U.S.S.G. § 2G2.1(b)(3)). Because the counts are grouped, there is no unit adjustment to the offense level.

e. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

f. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal

history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and neither he nor the government will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g. Chapter 4 Adjustments. The parties agree that the offense level is subject to an additional 5-level enhancement because the offense is a "covered sex crime," as defined in the guidelines, neither U.S.S.G. § 4B1.1 nor § 4B1.5(a) applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. U.S.S.G. § 4B1.5(b)(1).

h. Guidelines Range. The parties agree that the adjusted offense level is 48 and that the criminal history category is I. If the adjusted, combined offense level is 48 and the criminal history category is I, the Sentencing Guidelines range is life. The defendant understands that the statutory mandatory minimum sentence for Count 1 is 15 years (180 months) and that the statutory mandatory minimum sentence for Count 4 is 5 years (60 months).

i. Fine Range. If the adjusted, combined offense level is 48, the fine range is $50,000 to $500,000. U.S.S.G. § 5E1.2(c)(3).

j. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least five years, up to a maximum supervised release term of life. U.S.S.G. § 5D1.2(b)(2); *see* 18 U.S.C. § 3583(k). The defense will argue for no less than a 22-year term of supervised release. The government may argue for a lifetime term of supervised release.

8. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a

requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties agree that Mr. Plonski will argue for a sentence of no less than 23 years' imprisonment, and the government will argue for a sentence of no more than 28 years' imprisonment. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party, provided that each party's recommended sentence falls within the sentencing range described above in this paragraph (i.e., between 23 and 28 years' imprisonment). If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea, and the government cannot withdraw from the plea agreement.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

12. **Restitution Agreement.** The defendant is required to pay mandatory restitution to victims and in an amount to be determined by the Court. He agrees to pay the amount to the victims as determined at sentencing. The defendant agrees that restitution is due and owing under 18 U.S.C. § 3663A and 18 U.S.C. § 2559 and agrees to pay restitution.

The defendant understands that the Court may order additional restitution if additional victim losses are identified at the time of sentencing. The defendant agrees that restitution shall be due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant.

The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14.   **Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. *See* 18 U.S.C. § 2250; 34 U.S.C. § 20901, *et seq.*

15.   **Forfeiture.** Pursuant to 18 U.S.C. § 2253(a) for Count 1 and Count 4, the defendant understands and agrees that the following property is subject to forfeiture:

   a.   any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 that was produced, transported, mailed, shipped, or received in violation of Chapter 110, United States Code;

  b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

  c. any property, real or personal, used or intended to be used to commit or facilitate the commission of such offenses, or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to:

  i. A U.S. Army camo jacket bearing a Plonski name tag;

  ii. An MSI laptop, S/N K2011N0121238;

  iii. A black Samsung cell phone, IMEI 353122990295219;

  iv. A black Samsung cell phone, IMEI 358084620011892;

  v. An HP laptop, S/N CND4010BG1;

  vi. An Apple laptop, Model A1706, S/N C02T49TMHF1P;

  vii. A Dell Latitude E6420;

  viii. A brown backpack containing sex toys;

  ix. A Samsung Galaxy S9;

  x. A Minnesota State Patrol uniform;

  xi. A pink sex toy identified in the indictment;

  xii. A wearable prosthetic sex toy identified in the indictment;

  xiii. A Samsung cell phone, S/N: R5CY21A124R; and

  xiv. A Minnesota State Patrol uniform name tag bearing the name Plonski.

The defendant agrees that these items are subject to forfeiture because they were used to commit the charged offenses. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

For any of the above electronic items that the government determines to be without evidentiary value related to the offense conduct in this case, the government will not forfeit those items.

16. **Waiver of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to: the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the negotiation, taking or acceptance of the guilty plea, the sentence imposed or any issues that relate to the calculation of the Guidelines range, the supervised-release term and conditions imposed, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty.

CASE 0:25-cr-00198-KMM-DLM   Doc. 30   Filed 10/08/25   Page 14 of 15

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. If the defendant makes a claim of ineffective assistance of counsel, the defendant will waive any claim of attorney/client privilege arising from counsel's representation. In addition, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court or Eighth Circuit case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

17. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed

14

every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

JOSEPH H. THOMPSON
Acting United States Attorney

Date: 10/8/2025

BY: Daniel W. Bobier
Assistant United States Attorney

Date: 10-8-2025

Jeremy Francis Plonski
Defendant

Date: 10-8-2025

Robert Meyers
Counsel for Mr. Plonski