# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JEREMY FRANCIS PLONSKI,

      Defendant.

Case No. 25-cr-198 (KMM/DLM)

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 2253(a) and Fed. R. Crim. P. 32.2.

## I. BACKGROUND

On May 15, 2025, a grand jury returned an Indictment against Defendant Jeremy Francis Plonski. ECF No. 14. The Forfeiture Allegations of the Information provided notice that the United States sought forfeiture of the following property pursuant to 18 U.S.C. § 2253(a):

    a. a U.S. Army camo jacket bearing a Plonski name tag;
    b. an MSI laptop, serial number K2011N0121238;
    c. a black Samsung cell phone, IMEI 353122990295219;
    d. a black Samsung cell phone, IMEI 358084620011892;
    e. an HP laptop, serial number CND4010BG1;
    f. an Apple laptop, Model A1706, serial number C02T49TMHF1P;
    g. a Dell Latitude E6420;
    h. a brown backpack containing sex toys;
    i. a Samsung Galaxy S9;
    j. a Minnesota State Patrol uniform;
    k. a pink sex toy;
    l. a wearable prosthetic sex toy;

m. a Samsung cell phone, serial number R5CY21A124R; and

n.  a Minnesota State Patrol uniform name tag bearing the name Plonski,

(collectively, "the Property").

On October 8, 2025, the United States and the Defendant entered into a Plea Agreement through which he agreed to plead guilty to Counts 1 and 4 of the Indictment, which charged him with Production of Child Pornography in violation of 18 U.S.C. § 2251(a), and Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and 2252A(b)(1). ECF No. 30 ¶ 1. The Defendant admitted that in April 2023, he used Minor Victim 1 to take part in sexually explicit conduct for the purposes of producing a visual depiction of such conduct. The Defendant further admitted that he knowingly distributed a recorded video sexually abusing Minor Victim 1. *Id*. ¶ 2. The Defendant agreed to forfeit the Property to the United States because the items were used to commit the violations charged in the Indictment. *Id*. ¶ 15.

## II. ARGUMENT

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

> (A) Forfeiture Determinations.  As soon as practical . . . after a plea of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.

2

(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property. . . without regard to any third party's interest in the property.. . .

Based upon the evidence set forth in the Plea Agreement, the United States has established the requisite nexus between the Property and the offense to which the Defendant has pleaded guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253(a).

Section 853(n)(1) of Title 21, as incorporated by 18 U.S.C. § 2253(b), provides that following the entry of an order of forfeiture the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have alleged an interest in the property. Sections 853(n)(2)-(6) of Title 21 set out the process by which third parties asserting a legal interest in the property can obtain a judicial determination of the validity of the legal claims or interests they assert.

Pursuant to Section 853(n)(7), following the disposition of all third-party petitions or, if no such petitions are filed, following the expiration of the time period

specified within which to file such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

### III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture.

Respectfully submitted,

Dated: 2/5/2026

DANIEL N. ROSEN
United States Attorney

*s/*
BY:  CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5600
Craig.baune@usdoj.gov